1
 2026 CO 36 Felicia Wright, Petitioner: v. Portfolio Recovery Associates, LLC. Respondent No. 24SC585Supreme Court of Colorado, En BancMay 26, 2026
          
 Certiorari to the District Court Boulder County District
 Court Case No. 22CV30158 Honorable J. Keith Collins, Judge
 
 
          
 Attorneys for Petitioner:
 
 
           The
 Law Offices of Gary Merenstein, P.C.
 
 
           Gary
 Merenstein
 
 
          
 Lafayette, Colorado
 
 
           Anne
 Whalen Gill, L.L.C.
 
 
           Anne
 Whalen Gill
 
 
           Castle
 Rock, Colorado
 
 
          
 Attorneys for Respondent:
 
 
          
 Wheeler Trigg O'Donnell LLP
 
 
          
 Frederick R. Yarger
 
 
           Meghan
 Frei Berglind
 
 
          
 William P. Sowers Jr.
 
 
          
 Denver, Colorado
 
 2
 
          
 Attorneys for Amicus Curiae ACA International:
 
 
          
 Brownstein Hyatt Farber Schreck, LLP
 
 
           Sarah
 J. Auchterlonie
 
 
          
 Courtney E. Bartkus
 
 
          
 Denver, Colorado
 
 
          
 Attorney for Amici Curiae Center for Responsible Lending,
 National Association of Consumer Advocates, National Consumer
 Law Center, Public Justice, and Towards Justice:
 
 
           Rachel
 Dempsey
 
 
          
 Denver, Colorado
 
 
          
 Attorneys for Amicus Curiae Colorado Legal Services:
 
 
           Jose
 Vasquez
 
 
           Alexa
 Child
 
 
           Joel
 Minor
 
 
          
 Denver, Colorado
 
 
           Karin
 Troendle
 
 
           Fort
 Collins, Colorado
 
 
           Craig
 Carmean
 
 
          
 Colorado Springs, Colorado
 
 
          
 Attorneys for Amicus Curiae National Creditors Bar
 Association: Barron &Newburger, P.C. Kevin T. Crocker
 
 
          
 Littleton, Colorado
 
 
          
 Attorneys for Amicus Curiae Receivables Management
 Association International, Inc.:
 
 
           Bowlin
 & Schall, LLC
 
 
           John
 M. Bowlin
 
 
          
 Greenwood Village, Colorado
 
 
          
 Maurice Wutscher, LLP
 
 
           Donald
 S. Maurice, Jr.
 
 
          
 Flemington, New Jersey Maurice Wutscher, LLP
 
 3
 
           Erin
 McCampbell Paris
 
 
          
 Buffalo, New York
 
 
          
 JUSTICE BLANCO delivered the Opinion of the Court, in which
 CHIEF JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD,
 JUSTICE GABRIEL, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER
 joined.
 
 4
 
          
 OPINION
 
 
          
 BLANCO, JUSTICE.
 
 
          ¶1
 The General Assembly enacted the Colorado Fair Debt
 Collection Practices Act (the "Act"), §§
 5-16-101 to -135, C.R.S. (2025), to protect consumers from
 abusive debt collection practices. See Flood v.
 Mercantile Adjustment Bureau, LLC, 176 P.3d 769, 776
 (Colo. 2008). As pertinent here, the Act mandates that debt
 buyers append certain attachments to each complaint that they
 file against alleged debtors. § 5-16-111(2), C.R.S.
 (2025). It also allows debtors who prove that a debt buyer
 has violated the requirements of the Act to recover damages,
 costs, and attorney fees. § 5-16-113, C.R.S. (2025).
 
 
          ¶2
 Portfolio Recovery Associates, LLC ("PRA") is a
 debt buyer seeking to recover a debt that Felicia Wright
 incurred when using a credit card issued by Comenity Bank.
 The complaint that PRA filed against Wright did not comply
 with the Act's requirements. Specifically, the complaint
 lacked a non-affidavit attachment establishing that PRA owned
 Wright's debt from Comenity Bank. Accordingly, we hold
 that the district court erred as a matter of law by upholding
 the county court's ruling that PRA complied with the Act.
 Because PRA violated one of the Act's requirements, we
 hold that the district court erred in upholding the county
 court's ruling that Wright did not prove her counterclaim
 against PRA under the Act.
 
 5
 
          I.
 Facts and Procedural History
 
 
          ¶3
 PRA filed a complaint in county court against Wright seeking
 to recover $671.29 in credit card debt. PRA alleged that
 Wright originally owed the debt to Comenity Bank and that it
 had purchased the debt from Comenity Bank. In support of its
 allegations, PRA appended the following attachments to its
 complaint: (1) a bill of sale between Comenity Bank and PRA,
 with a blank asset schedule attached; (2) two credit card
 statements that Comenity Bank had sent to Wright; and (3) an
 affidavit from PRA's custodian of records claiming that
 Comenity Bank had sold, assigned, and transferred
 Wright's debt of $671.29 to PRA.
 
 
          ¶4
 In her answer, Wright raised an affirmative defense that PRA
 had failed to comply with section 5-16-111(2) of the Act by
 failing to attach documents to the complaint establishing
 that PRA owned Wright's debt. Wright brought several
 counterclaims; the counterclaim at issue here alleged that
 because PRA had violated the Act, she was entitled to
 damages, costs, and attorney fees under section 5-16-113.
 
 
          ¶5
 Following trial, the county court ruled in favor of PRA,
 finding that PRA's complaint complied with section
 5-16-111(2)(b). The county court reasoned that the bill of
 sale satisfied section 5-16-111(2)(b), and the affidavit
 functioned as a
 
 6
 
 "supplement to" the other attachments. Thus, the
 county court found no violation of the Act and ruled against
 Wright on her counterclaim.
 
 
          ¶6
 On appeal, the district court affirmed, concluding that the
 county court did not clearly err when it determined PRA's
 complaint complied with section 5-16-111. The district court
 also concluded that the trial court did not err by ruling
 against Wright on her counterclaim.
 
 
          ¶7
 Wright petitioned this court for certiorari review, which we
 granted.[1]
 
 
          II.
 Analysis
 
 
          ¶8
 We begin by setting forth the applicable standard of review
 and principles of statutory construction. We next review the
 pertinent portions of the Act. We then consider whether
 PRA's complaint complied with the Act and, if not,
 whether PRA is liable to Wright for violating the Act's
 requirements.
 
 7
 
          A.
 Standards of Review and Principles of Statutory
 Construction
 
 
          ¶9
 We review issues of statutory construction de novo.
 Flood, 176 P.3d at 772. When we interpret statutes,
 our primary responsibility is to give effect to the
 legislature's intent. Id. In doing so, we
 consider the statute as a whole, giving consistent,
 harmonious, and sensible effect to all of its parts.
 Id. We avoid interpretations that lead to illogical
 or absurd results. Id.
 
 
          ¶10
 When construing a statute, we respect the legislature's
 choice of language. Byers Peak Props., LLC v. Byers Peak
 Land &Cattle, LLC, 2026 CO 7, ¶ 25, 583 P.3d
 97, 103. Accordingly, we apply words and phrases in
 accordance with their plain and ordinary meanings, without
 adding or subtracting words from a statute. Id. at
 ¶¶ 24-25, 583 P.3d at 103. If the statutory
 language is unambiguous, then we apply it as written and need
 not turn to other rules of statutory construction.
 Id. at ¶ 25, 583 P.3d at 103.
 
 
          ¶11
 When interpreting the Act, we liberally construe it in favor
 of the consumer. Flood, 176 P.3d at 772.
 
 
          B.
 The Colorado Fair Debt Collection Practices Act
 
 
          ¶12
 The Act sets forth requirements for debt buyers and provides
 remedies for debtors who are subjected to abusive debt
 collection practices. Id. at 772-73. For example,
 debt buyers must include certain attachments when they file a
 complaint against a debtor. § 5-16-111(2). It also
 allows debtors who prove that a debt buyer
 
 8
 
 violated the requirements of the Act to recover damages,
 costs, and attorney fees. § 5-16-113.
 
 
          ¶13
 Section 5-16-111(2) lists the attachments that debt buyers
 must include with a complaint in an action to recover a debt
 that they own. As pertinent here, section 5-16-111(2)(b)
 ("subsection (2)(b)") requires "[a] copy of
 the assignment or other writing establishing that the debt
 buyer is the owner of the debt." And "[i]f the debt
 was assigned more than once, each assignment or other writing
 evidencing transfer of ownership must be attached to
 establish an unbroken chain of ownership, beginning with the
 original creditor to the first debt buyer and each subsequent
 sale." Id.
 
 
          ¶14
 Importantly, a debt buyer may not use an affidavit to satisfy
 the Act's requirements in lieu of the other attachments
 required by section 5-16-111(2). § 5-16-111(4) ("In
 the absence of evidence required by subsection[] . . . (2)(b)
 . . . of this section, an affidavit does not satisfy the
 requirements of th[is] subsection[]."). In other words,
 if the information required under subsection (2)(b) is not
 provided through a non-affidavit attachment, then an
 affidavit cannot cure the complaint's noncompliance.
 
 
          ¶15
 Finally, if a debt buyer violates the requirements set forth
 in the Act, then the debt buyer is liable to the debtor for
 damages, costs, and attorney fees. § 5-16-113.
 
 9
 
          C.
 Application
 
 
          ¶16
 PRA's complaint did not comply with subsection (2)(b)
 because it did not include a non-affidavit writing
 establishing that PRA was the owner of Wright's debt.
 Because the requirements of subsection (2)(b) were not
 satisfied, PRA may not use the affidavit to satisfy the
 requirements of the Act per section 5-16-111(4).
 Consequently, PRA is liable to Wright on her counterclaim for
 damages, costs, and attorney fees under section 5-16-113
 because PRA violated the requirements of subsection (2)(b).
 
 
          ¶17
 Although PRA's complaint included a bill of sale showing
 that it purchased some debt from Comenity Bank, it did not
 establish that PRA purchased Wright's debt. Thus, there
 was insufficient information to give Wright notice that PRA
 owns the debt that she originally incurred with Comenity
 Bank, undermining the legislative intent clearly stated in
 subsection (2)(b).
 
 
          ¶18
 In fact, the bill of sale states:
 
 
 Comenity Bank ("Seller"), for value received and
 pursuant to the terms and conditions of Credit Card Account
 Purchase Agreement dated June 4, 2018 between Seller and
 Portfolio Recovery Associates, LLC ("Purchaser"),
 its successors and assigns ("Credit Card Account
 Purchase Agreement"), hereby assigns effective as of the
 File Creation Date of November 12, 2018 all rights, title and
 interest of Seller in and to those certain receivables,
 judgments or evidences of debt described in Schedule I (the
 "Asset Schedule") attached hereto and made part
 hereof for all purposes.
 
 10
 
          The
 attached asset schedule includes blank boxes for the account
 number and unpaid balance of the corresponding debt.
 Wright's account number and unpaid balance are not
 included in this asset schedule.[2]
 
 
          ¶19
 PRA contends that this bill of sale satisfies subsection
 (2)(b) because it demonstrates that PRA purchased the debt
 from Comenity Bank, the same original creditor listed on
 Wright's credit card statements. We disagree. Although
 the bill of sale establishes that PRA purchased some
 debt from Comenity Bank, it does not establish that PRA
 purchased Wright's debt. PRA's complaint did
 not establish that PRA was the owner of Wright's debt.
 Accordingly, PRA's complaint did not comply with
 subsection (2)(b).[3]
 
 
          ¶20
 PRA further contends that the affidavit supplemented the bill
 of sale by confirming that Wright's account was among
 those sold to PRA, identifying the last four digits of
 Wright's account number, and quantifying the amount that
 Wright owed. But the plain language of the Act precludes
 affidavits from
 
 11
 
 satisfying subsection (2)(b) when the rest of the complaint
 is otherwise noncompliant. § 5-16-111(4). Therefore, we
 cannot conclude that PRA's affidavit satisfied subsection
 (2)(b) without rendering section 5-16-111(4) meaningless. The
 Act requires debt buyers to include attachments that satisfy
 subsection (2)(b) independently of any affidavit. Because
 PRA's complaint did not first comply with subsection
 (2)(b), PRA may not rely on an affidavit to overcome its
 noncompliance. Consequently, by violating subsection (2)(b),
 PRA is liable to Wright under section 5-16-113.
 
 
          ¶21
 For these reasons, we hold that the district court erred as a
 matter of law by upholding the county court's ruling that
 PRA complied with section 5-16-111(2). Because PRA violated
 the Act in its effort to collect Wright's debt, we
 further hold that the district court erred by upholding the
 county court's ruling that Wright did not prove her
 counterclaim under the Act.
 
 
          III.
 Conclusion
 
 
          ¶22
 We reverse the district court's judgment and remand the
 case to the district court to return it to the county court
 for consideration of any damages, costs, and attorney fees
 that may be due to Wright under section 5-16-113.
 
 
 ---------
 
 
 Notes:
 
 
 [1] We granted certiorari to review the
 following issues:
 
 
 1. Whether the district court erred as a matter of law
 in upholding the county court's ruling that respondent
 proved it complied with section 5-16-111(2), C.R.S.
 (2024).
 
 
 2. Whether the district court erred as a matter of law
 in upholding the county court's ruling that petitioner
 did not prove her counterclaims against respondent under the
 Colorado Fair Debt Collection Practices Act, §§
 5-16-101 to -135, C.R.S. (2024).
 
 
 [2] Two months after oral argument, Wright
 filed a motion to correct the record, arguing that PRA's
 counsel cited to a spreadsheet and sale letter during oral
 argument that were not admitted as evidence at trial. PRA
 subsequently filed a response, arguing that the documents it
 referenced were in the appellate record. Because our analysis
 is limited to the documents that were attached to PRA's
 initial complaint, Wright's motion is denied as
 moot.
 
 
 [3] Wright also argues that PRA's
 complaint violated section 5-16-111(2)(a). Because we hold
 that PRA violated subsection (2)(b), and the Act requires
 compliance with both subsections, section 5-16-111(2)(a)
 and (b), we need not consider whether PRA also
 violated the requirements set forth in section
 5-16-111(2)(a).
 
 
 ---------